1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric A. LaGuardia (SBN 272791)
**LaGuardia Law, APC**
402 West Broadway, Suite 800
San Diego, CA 92101
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff
Francesca James Acuña Adams

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

FRANCESCA JAMES ACUÑA ADAMS,

          Plaintiff,

   vs.

SYSTEMATIC NATIONAL COLLECTIONS, INC.,

          Defendant.

**Case No.:** '19CV0755 MMANLS

**COMPLAINT FOR DAMAGES**

- i -

**COMPLAINT**

**Adams v. Systematic National Collections, Inc.**

**INTRODUCTION**

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.      This is an action for damages brought by individual Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); and the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; among others.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff which plaintiff alleges on personal knowledge.

- 1 -

**COMPLAINT**

**Adams v. Systematic National Collections, Inc.**

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.   All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and Defendant's violations of the California Fair Debt Collection Practices Act ("Rosenthal Act").

10.   As Defendant does business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

11.   Because Defendant does business in the County of San Diego and a substantial part of the events or omissions giving rise to the claims occurred in San Diego County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

## PARTIES

12.   Plaintiff, Francesca James Acuña Adams, ("Plaintiff" or "Ms. Adams"), is a natural person residing in the County of San Diego, and State of California. Plaintiff is a "consumer" and a "debtor," as those terms are defined by 15 U.S.C. § 1692a(3) and Cal Civ. Code § 1788.2(h).

- 2 -
**COMPLAINT**

**Adams v. Systematic National Collections, Inc.**

13.   Defendant is a California corporation with its principal place of business in the County of San Diego, State of California.

14.   On behalf of its creditor clients, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ Code § 1788.2(c).

15.   This case involves a "consumer debt" and a "debt," as those terms are defined by 15 U.S.C. § 1692a(5) and Cal Civ. Code § 1788.2(d).

**FACTUAL ALLEGATIONS**

16.   Sometime prior to January of 2019, Plaintiff allegedly incurred a financial obligation (the "Debt"). Because this complaint alleges violations of the FDCPA and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the validity and circumstances surrounding the Debt are irrelevant and will be discussed only to provide context.

17.   On or about January 4, 2019, Defendant sent a dunning letter of the same date to Plaintiff. A few days later, Plaintiff received that letter.

18.   Defendant's collection letter makes material misrepresentations in violation of the FDCPA and the RFDCPA including but not limited to stating that the "original creditor" is "James Burmeister, Attorney." Enclosed with Defendant's collection letter is a copy of what appears to be an unlawful detainer judgment for a different amount than Defendant's letter states, and that the judgment amount is owed to a different party, "Dorothy J. Mann."

19.   The above communications to Plaintiffs were each a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

20.   These communications were each a "debt collection" as defined by Cal. Civ. Code 1788.2(b).

- 3 -
**COMPLAINT**

Adams v. Systematic National Collections, Inc.

21.   Through the conduct detailed above, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

22.   Through the conduct detailed above, Defendants made false representations concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

23.   Through the conduct detailed above, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

24.   Because Defendants' conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

25.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

26.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

///

**COMPLAINT**

**Adams v. Systematic National Collections, Inc.**

# COUNT II

## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

## (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

28. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

29. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

30. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

31. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.17;

- 5 -

**COMPLAINT**

**Adams v. Systematic National Collections, Inc.**

1    • An award of costs of litigation and reasonable attorney's fees, pursuant to

2    Cal. Civ. Code § 1788.30(c); and

3    • Any other relief that the court deems proper.

4

5    Dated: **April 24, 2019**                          **LAGUARDIA LAW, APC**

6

7                                                       s/Eric A. LaGuardia
                                                        Eric A. LaGuardia
8                                                       Attorney for Plaintiff
9                                                       Francesca James Acuña Adams

10

11                        **DEMAND FOR JURY TRIAL**

12        Plaintiff by and through her attorney, Eric LaGuardia, hereby demands a

13   trial by jury in the above-captioned matter.

14

15   Dated: **April 24, 2019**                          **LAGUARDIA LAW, APC**

16

17                                                       s/Eric A. LaGuardia
                                                        Eric A. LaGuardia
18                                                       Attorney for Plaintiff
19                                                       Francesca James Acuña Adams

20

21

22

23

24

25

26

27

28

- 6 -
**COMPLAINT**

**Adams v. Systematic National Collections, Inc.**